Rehearing granted, February 3, 2003

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

AARON GWYNN,
  *Defendant-Appellant.*

No. 03-4293

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Senior District Judge.
(CR-02-326-S)

Submitted: October 29, 2003

Decided: December 11, 2003

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Craig M. Wolff, Assis-
tant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Aaron Gwynn was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000), possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), 18 U.S.C. § 2 (2000), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). Gwynn appeals. Finding no merit to his claims, we affirm.

Gwynn first contends that the district court erred by denying his motion to suppress the evidence seized when he was arrested because the arresting officer lacked probable cause to arrest him. In determining whether probable cause existed for Gwynn's arrest, the court must look at the totality of the circumstances surrounding the arrest. *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983). Probable cause for a warrantless arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998) (citation omitted). Under the totality of the circumstances of this case, we find that there was probable cause to arrest Gwynn.

Next, Gwynn argues that the district court erred in denying his motion to sever the § 922(g) charge from the other counts in the indictment. Gwynn asserts that because the § 922(g) charge had, as a necessary element, his prior felony conviction, this information prejudiced the jury as to the remaining counts which did not require proof of prior convictions. We find that the district court did not abuse its discretion in denying Gwynn's motion and that its limiting instruction cured any possible prejudice caused by the introduction of the prior felony conviction. *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984). To the extent that Gwynn invites this Court to overturn *Silva*, we are bound by our existing precedent in the absence of any contrary en banc or Supreme Court ruling. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999).

Finally, Gwynn contends that the district court erred when it refused to exclude the expert testimony of Detective Peter Sullivan, a seventeen-year veteran of the Baltimore Police Department. The introduction of expert opinion testimony is governed by Rule 702 of the Federal Rules of Evidence. Expert testimony is admissible under Rule 702 if it concerns (1) scientific, technical, or other specialized knowledge, (2) that will aid the jury or other trier of fact to understand or resolve a fact at issue. *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending *Daubert's* two part gate-keeping test to all expert testimony). In the context of drug cases, this court repeatedly has upheld the admission of expert testimony of law enforcement officers, especially about the methods of drug dealers. *United States v. Hopkins*, 310 F.3d 145, 151 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 1364 (2003); *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994). Detective Sullivan had extensive specialized narcotics training and was an experienced narcotics detective. His testimony was comparable to testimony this court previously has upheld as proper expert testimony with regard to drug trafficking. We find that the district court did not abuse its discretion by admitting Sullivan's testimony.

For these reasons, we affirm Gwynn's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*